## CLARENCE E. HALL *vs.* DAVIS TILLSON.

### Knox.    Opinion March 6, 1889.

*Wharf owner.    Rights and duties.    Obstructions.    Use by public.    Care.*

While the owner of a public wharf is required to keep it safe for those having business there, his liabilities are not the same as in the case of highways.

Highways are used for the purpose of travel only, and must be kept free from obstructions, as well as safe in other respects, and are definitely located. A public wharf is used for landing and taking away freight, as well as for travel; the way cannot be definitely located, but the whole wharf must be kept safe, subject to such obstructions, as are caused by the proper deposit of freight. The wharf, therefore, must be used for both purposes, with due regard to the requirements of each.

The plaintiff's horse and carriage were injured, when being driven upon the defendant's wharf, by running upon a pile of gravel there deposited as freight, in a proper place, and as near the edge of the wharf as it could be done with safety. There was an abundance of room between the gravel pile, and the sidewalk opposite for teams to pass with safety and convenience. There was no complaint of any defect, except such as might arise from the supposed obstruction, caused by the gravel. *Held,* that the gravel was rightfully there. • *Held, also,* that the prevailing darkness, though not sufficient evidence of carelessness on the part of the plaintiff's bailee in going there, did impose upon him additional care, in making the passage.

ON REPORT. After the evidence was out, the parties agreed that judgment was to be rendered in favor of the plaintiff, if in the opinion of the law court, the evidence was sufficient to justify a verdict for plaintiff, and the court were to assess the damages; otherwise, judgment was to be rendered for the defendant.

The facts appear in the opinion.

*J. E. Hanly*, for plaintiff.

Counsel cited: *Tobin* v. *R. R.*, 59 Maine, 183, 188, and cases there cited; *Campbell* v. *Sugar Co.*, 62 Id. 552; *Low* v. *R. R.*, 72 Id. 313, 321; *Stratton* v. *Staples*, 59 Id. 94; *Carleton* v. *Franconia &c. Co.*, 99 Mass. 216; *Wendall* v. *Baxter*, 12 Gray, 494; *Beck* v. *Carter*, 68 N. Y. 283; *Graves* v. *Thomas*, 95 Ind. 361; *Campbell* v. *Boyd*, 88 N. C. 129; *Nave* v. *Flack*, 90 Ind. 205; *Knight* v. *R. R.*, 56 Maine, 234, 241; *Flagg* v. *Hudson*, (55 Am.

Rep.) 142 Mass. 280; *Crogan* v. *Schiele*, 53 Conn. 186; *Norwich* v. *Breed*, 30 Conn. 535, 547; *Barber* v. *Abendroth*, 102 N. Y. 406; *Albert* v. *State*, 66 Md. 159; *Branch* v. *Libbey*, 78 Maine, 321.

*C. E. Littlefield*, for defendant.

Plaintiff guilty of contributory negligence, Defendant not in fault. There was a passage-way, twenty-two to twenty-five feet wide, and wharf rightfully used for landing, storing, &c., of merchandise. Defendant not bound to light his wharf. *Sparhawk* v. *Salem*, 1 Allen, 30, 32; *Macomber* v. *Taunton*, 100 Mass. 255, 257; *Lyon* v. *Cambridge*, 136 Id. 420; *Flagg* v. *Hudson*, 142 Id. 280, 286. It does not appear that plaintiff was invited there by defendant or his lessees, impliedly or otherwise. *Severy* v. *Nickerson*, 120 Mass. 306; *Stratton* v. *Staples*, 59 Maine, 94, 96; S. P. 62 Id. 561; *Larmore* v. *Crown Point Co.*, 101 N. Y. 394; *Matthews* v. *Bonsee*, Atlantic Rep., vol. 16, No. 4, 195, (Sup. Ct. N. J.).

DANFORTH, J. On the evening of October 25, 1886, the plaintiff's horse, carriage and harness were injured upon the defendant's wharf. The horse was driven by the plaintiff's bailee, who in passing down the wharf to the boat landing at the end, run upon a pile of gravel, by means of which the carriage was upset and the horse thrown down. The claim is that the gravel was an obstruction and, therefore, a defect in the way provided for passengers to the boat, for which the defendant is liable.

It is not contended that the driver, with the team, was not rightfully on the wharf on his way to the boat. It follows, that the defendant was bound to exercise reasonable care, in providing and keeping in repair a suitable way for the driver and his team. What is suitable, is reasonably safe; but in other respects it must depend upon its location and the purposes for which it is used. *Campbell* v. *Portland Sugar Co.*, 62 Maine, 552.

A highway used only for travel is definitely located, and within its limits must be made and kept safe, not only from all structural defects, but from all obstructions which might render it unsafe for travelers; and yet there are incidents of travel which sometimes render temporary obstructions necessary and which a

traveler must avoid at his peril; such as a team unloading at a shop door, or a horse and carriage temporarily left in the way while the owner is detained otherwheres. *Matthews* v. *Kelsey*, 58 Maine, 56.

Upon a wharf where the only or principal business is landing and taking away freight and passengers, from the nature of the case, the way for teams which must be used, cannot be definitely located. The teams must go where the freight and passengers are and, consequently, the travel must be substantially over the whole wharf, and therefore the whole must be kept free from structural defects and unnecessary obstructions, so that it may be safe for the teams. The freight, without which there would be no use for teams, must be landed on and taken from the wharf, and this of itself is an obstruction and would often compel teams to travel in different ways. The wharf being for the use of both teams and freight, each must be used with a reasonable regard to the safety and convenience of the other.

In this case the only defect complained of is the pile of gravel. That was landed as freight, in the proper place for freight, and as near the side of the wharf as was safe. If it had not been there, a carriage might have gone over the ground with no other danger, perhaps, than that of falling into the dock. But there was no necessity for it. There was more than room enough between that and the sidewalk on the other side, for all the teams required at the boat, a safer road, than could have been had where the gravel was deposited, and a way in which teams usually, if not always, traveled on their way to the boat. There is really no more propriety in saying, this pile of gravel was within the limits of the way, than any other freight, for, the way covers the wharf when not thus obstructed.

Complaint is made of the darkness and that no light was placed there. It may sometimes be necessary to place a light, as a warning, against an unusual danger arising from a defect, or when, for any reason, the way is perilous in a peculiar manner. But here there was no defect, but a straight and level path,—no more need, or duty to place a light there than in a common highway.

But the darkness did impose a duty upon the driver. Though

it was not sufficient to prove negligence in going there, it was sufficient, to impose additional care, especially in view of the fact that the alleged obstruction was properly there, and within the driver's knowledge, might have been expected there.

It is certainly difficult to understand how, under all the circumstances, the accident could have happened without a want of care on the part of the driver. But when we consider the suddenness of the upset, the force with which and the distance the parties riding were thrown, as well as the extent of the injury to the horse and carriage, and this from coming in contact with a gravel bank, two feet high, we are forced to the conclusion that, under the circumstances, there was more speed than reasonable care would authorize.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.